NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1903
_____

FITIM SYLAJ,
                              Petitioner
                    v.

THE ATTORNEY GENERAL OF UNITED STATES OF AMERICA,
                                        Respondent

_____

On Petition for Review from the Board of Immigration Appeals
BIA-1 No. A089-253-969
Immigration Judge: The Honorable Charles M. Honeyman
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
February 29, 2016

Before: SMITH, HARDIMAN, and SLOVITER, *Circuit Judges*

(Filed: March 4, 2016)

_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

SMITH, *Circuit Judge*.

This case comes to us on a petition for review of the Board of Immigration Appeals' denial of Fitim Sylaj's motion to reopen and stay removal. Sylaj's ground for reopening his removal proceeding is that his prior attorney provided ineffective assistance of counsel by failing to argue on appeal to the BIA that Sylaj was the victim of past persecution because his father attempted to murder him due to his homosexuality. For the reasons stated herein, we will deny the petition for review.

Sylaj is a homosexual Muslim who was born in Kosovo in 1990. His friends discovered his homosexuality when they witnessed him embrace a male German tourist and enter the tourist's apartment in September 2006. Afterwards, Sylaj's friends "offended him by calling him gay, mistreated him, and viewed him differently." Furthermore, "his classmates verbally threatened him by threatening to kill him and stating that, 'soon you will not come to school again.'" As a result, Sylaj stopped attending school in November 2006, a fact that he hid from his family until his teacher called his home inquiring as to his absences from school. When his father went to talk to the teacher, he "heard some of his classmates call [Sylaj] gay."

Sylaj testified that on December 4, 2006, "his father attempted to kill him." His father entered the living room, came towards him, and said, "[y]ou caused us shame. How can you do these things?" He then grabbed an ax from near the wood stove "and ran towards [Sylaj] in order to hit him." His mother jumped in front of his father, and Sylaj ran out the door. Sylaj's three siblings, who are not much younger than he, were in the room during this incident. He arrived in this country on December 23, 2006, and has resided with an uncle in Pennsylvania ever since.

On December 21, 2007, Sylaj filed an application for asylum and for withholding of removal. On September 22, 2009, the Department of Homeland Security initiated removal proceedings, and Sylaj requested asylum, withholding of removal, and protection pursuant to the Convention Against Torture based on his past persecution and fear of future persecution due to his homosexuality. The Immigration Judge, despite finding Sylaj to be "generally credible," denied his application for relief after determining that Sylaj had not suffered past persecution and that there was no well-founded fear of future persecution. Relevant to this petition for review, the IJ found that Sylaj's father's actions were unfulfilled death threats that did not rise to the level of past persecution. The IJ determined that, without further evidence from Sylaj detailing the nature or imminence of the harm, either in the form of more details in his own affidavit or a supporting affidavit from his mother or siblings, the evidence was insufficient to determine whether the

threat was "sufficiently concrete, imminent, or menacing as to constitute past persecution." Sylaj's attorney appealed only the Immigration Judge's determination as to future persecution, which the BIA affirmed.

Sylaj obtained new counsel, who filed a motion to reopen with the BIA arguing that original counsel provided ineffective assistance for failing to argue on appeal that the father committed attempted murder, which he alleges is *per se* past persecution. The BIA disagreed and held that Sylaj had "not identified any factual or legal error in the Immigration Judge's conclusion that [Sylaj's] father's one time attempted attack on [Sylaj], which resulted in no injury, does not rise to the level of persecution on account of a protected ground." This petition followed.[1]

Our review of motions to reopen "is highly deferential: we review the denial of a motion to reopen for abuse of discretion." *Guo v. Ashcroft*, 386 F.3d 556, 562 (3d Cir. 2004). Abuse of discretion occurs when the BIA's decision is "arbitrary, irrational, or contrary to law." *Id.* The BIA's factual findings are rejected only if "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). Thus, we reverse only if "the evidence not only *supports*

---

[1] The BIA had jurisdiction over Sylaj's motion to reopen pursuant to 8 C.F.R. § 1003.2(c). This Court has jurisdiction to review final orders of the BIA, including the denial of a motion to reopen, pursuant to § 242(a)(1) of the INA, 8 U.S.C. § 1252(a)(1). Venue is proper in this Court because the IJ completed proceedings in Philadelphia, Pennsylvania. *See* 8 U.S.C. § 1252(b)(2).

[a contrary] conclusion, but *compels* it." *I.N.S. v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992). When the BIA issues its own opinion, as it did in the appeal in this case, "we generally review that decision as the final agency decision." *Green v. Att'y Gen.*, 694 F.3d 503, 506 (3d Cir. 2012). However, when the BIA's opinion "invokes specific aspects of the IJ's analysis and fact-finding in support of [its] conclusions," as it did in the denial of the motion to reopen, we review both the decisions of the IJ and the BIA. *Id.*

In removal proceedings, the right to effective assistance of counsel is grounded in the Fifth Amendment's guarantee of due process. *Fadiga v. Att'y Gen.*, 488 F.3d 142, 155 (3d Cir. 2007). An alien must successfully "show that prior counsel's deficient performance prevented him from reasonably presenting his case and caused him 'substantial prejudice,'" which is "a 'reasonable likelihood' that the result of the removal proceedings would have been different had the error(s) not occurred." *Contreras v. Att'y Gen.*, 665 F.3d 578, 584 (3d Cir. 2012).

In this case, Sylaj claims that the BIA committed error when it failed to consider his argument that his father had committed attempted murder. However, the BIA relied on the IJ's factual findings, which acknowledged that Sylaj testified that "his father attempted to kill him." While deeming Sylaj's testimony to be "generally credible," the IJ determined that, without more evidence, the father's

5

actions amounted only to an "unfulfilled death threat" that did not cause actual suffering or harm and was not sufficiently concrete or imminent. Thus, in relying on the IJ's decision, the BIA considered the argument that what occurred was "attempted murder," and instead agreed with the IJ that it was really an "unfulfilled death threat" that did not rise to the level of past persecution. *See Chavarria v. Gonzalez*, 446 F.3d 508, 519-20 (3d Cir. 2006).[2]

Moreover, while we do not need to decide whether attempted murder is per se persecution, we note that the cases cited in support of this argument involve significantly more factual detail than the case before us. *See Karki v. Holder*, 715 F.3d 792, 804-05 (10th Cir. 2013) (past persecution included an assault rendering the petitioner semi-unconscious, the seizure of property, an attempted car bombing, and threats before and after the assault and car bombing); *Sanchez Jiminez v. Att'y Gen.*, 492 F.3d 1223, 1233 (11th Cir. 2007) (past persecution included death threats, attempted kidnapping, and armed men on motorcycles shooting at the petitioner in a moving car). For the foregoing reasons, we will deny the petition for review.

---

[2] While the BIA's analysis was brief, it "is not required to write an exegesis on every contention." *Toussaint v. Att'y Gen.*, 455 F.3d 409, 414 (3d Cir. 2006) (quoting *Zubeda v. Ashcroft*, 333 F.3d 463, 477 (3d Cir. 2003)). Instead, "the BIA's analysis merely must be adequate to allow for meaningful review" of its decision. *Id.*